BEFORE THE SECOND DIVISION, OCTOBER 30, 1951

**No. 55946.**—Wilmington Shipping Company *v.* United States, protest 148378–K (Wilmington).

LAWRENCE, Judge: The plaintiff herein imported from Canada a spare propeller and a tailshaft for use as spare parts on the M. V. *Maruba* which was laid up for repairs at the port of Wilmington, N. C.

Upon arrival of the merchandise, the importation was classified by the collector of customs as articles or wares not specially provided for, composed wholly or in chief value of base metal, pursuant to the provisions of paragraph 397 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade (82 Treas. Dec. 305, T. D. 51802), and duty was assessed thereon at the rate of 22½ per centum ad valorem.

It is asserted by plaintiff in its protest that—

\* \* \* Since these items were manufactured specifically for this vessel and cannot be used on any other vessel, it is our view and the view of the owners of the vessel that these items should be exempt from import duties in exactly the same manner as if they had been aboard this vessel upon its arrival in the United States.

At the trial, it was agreed between the parties that if the importation was not entitled to free entry, the collector's classification and assessment of duty were correct.

The facts of the case are not disputed; the question presented by this controversy being purely one of law.

From the record it appears that the *Maruba*, after the expiration of a charter which engaged her in South American trade, entered Wilmington, N. C., for lay up and repairs.   Prior to arrival of the vessel at Wilmington, she had suffered an accident in Venezuela, in which her propeller was broken.   This made it necessary to install the spare propeller and tailshaft which were being carried aboard the vessel as spare parts.   During her subsequent lay up at Wilmington, it was decided to restock the vessel with a spare propeller and tailshaft.   An order was placed with the manufacturer of the original parts to fabricate a new propeller and tailshaft from the original drawings and specifications for this vessel, for forwarding to Wilmington to be placed aboard the vessel as spare parts.   It was not the intention of the owner to use these two items in the general repairs then

taking place, but rather to have them as replacement parts in the event of some future accident or if a need should arise due to the normal wear and tear of the propelling machinery of the vessel. The new parts were ordered from the original plans and specifications of the motor vessel *Maruba* and could not be used on any other vessel.

It is the contention of plaintiff that—

\* \* \* It seems to be an accepted practice and view of the courts that if these items had been constructed at the time the vessel was constructed and had accompanied the vessel, they would have been free of duty. We contend that these items were constructed when they were needed to be constructed, not until the spares on the vessel had been placed in use and left no spares; that they were constructed according to the original plans and specifications of the vessel, and for this vessel only, and that as such they should be entitled to free entry.

In support of its contention, plaintiff relies on the cases of *Canadian National Steamship Co., Ltd.* v. *United States*, 29 C. C. P. A. (Customs) 123, C. A. D. 180, and *Page & Jones* v. *United States*, 26 C. C. P. A. (Customs) 124, C. A. D. 5.

The two cases above cited are likewise relied upon by counsel for the defendant but for the purpose of negating plaintiff's contention, and in addition reference is made to the case of *A. Johnson & Co., Inc.* v. *United States*, 17 Cust. Ct. 140, C. D. 1034.

We shall review the aforesaid cases seriatim and consider them with relation to the facts at bar.

In the *Canadian National Steamship Co., Ltd.*, case, *supra*, the merchandise involved consisted of a propeller and shaft which had been specially made for the Canadian steamship T. S. S. *North Star* at the time said vessel was constructed in England, and the cost thereof had been included in the original price of said vessel. The articles were carried on board the vessel from England to Canada and were intended to be carried and used on that vessel alone. Special circumstances arose which necessitated the removal of the articles from the vessel at Halifax, Nova Scotia. Subsequently, the *North Star* was disabled off the southeastern coast of the United States and put into the Charleston Navy Yard for repairs. The spare propeller and shaft were then sent from Halifax to Charleston for installation in the *North Star*. The collector at the port of Charleston classified said articles as manufactures of metal, not specially provided for, and assessed duty thereon as provided in paragraph 397 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 397). Plaintiff therein claimed the articles to be free of duty. The appellate court reversed the trial court, which had overruled the protest, stating—

It is our view that the propeller and shaft in controversy, which could only be used upon this particular vessel, which were made especially for the vessel when it was constructed, and which were carried thereupon until necessity required their removal, are parts of the vessel. Indubitably, no one would have questioned the status of the merchandise if it had accompanied the vessel into the port of Charleston, S. C., and we think the circumstances under which it was removed from the vessel and subsequently placed thereon is not sufficient reason for holding it to be merchandise such as was held to be dutiable in the cases relied upon by the Government, to wit, *Moral & Co* v. *United States*, T. D. 29260, 16 Treas. Dec. 167; *United States* v. *Sickel*, 6 Ct. Cust. Appls. 146, T. D. 35394; *Texas Transport & Terminal Co.* v. *United States*, T. D. 45897, 62 Treas. Dec. 223; and *Page & Jones* v. *United States, supra*. [26 C. C. P. A. (Customs) 124, C. A. D. 5.]

The *Page & Jones* case, *supra*, upon which the parties to the present controversy rely in part, dealt with a steam turbine and parts thereof. It appears that the steamship *San Fernando*, of British registry, was bound for Mexico when she became disabled on the high seas and was towed into the port of Mobile, Ala. Her turbine engine and parts were shipped to England for repairs. Upon their

return from England, duty was imposed not only on the value of the repairs, but also on the value of the repaired machinery. . The appellate court cited with approval the holding of the trial court to the effect that—

* * * It was unquestionably a nonimportation and was so treated by the collector upon its original arrival in the United States, as an integral part of the *San Fernando*. But when it was removed from that vessel it became an engine and nothing more, and, as such, an article which may be exported and reimported, which was done. Upon its return it was a separate dutiable entity and was correctly so·classified by the collector.

The case of *A. Johnson & Co., Inc.* v. *United States, supra,* cited by the defendant herein, involved certain necessary repair parts for the main and auxiliary Diesel engines of the motorship *Axel Johnson,* at that time en route to New York, which items were taken from the spare parts carried on board the sister ship *Annie Johnson,* then in the port of San Francisco, and shipped in bond to New York for delivery to and installation in the *Axel Johnson.* The collector at New York classified the articles as imported merchandise, assessing duty thereon in accordance with the provisions of paragraph 372 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 372) for parts of machines, not specially provided for. In affirming the decision of the collector, this court held as follows:

While all of the cases to which reference has been made differ factually from the case now before us, nevertheless, the underlying principles which guided the courts in arriving at the conclusions in those proceedings would seem to govern the facts herein. Consequently, we are of the opinion that to sustain the claim of the plaintiff would require not only that we extend unduly the doctrine of *The Conqueror* and other cases, *supra,* but at the same time in effect ignore the settled principle which must apply to this case, namely, that *for an article to be entitled to free entry as a part of a vessel it must be shown that it was at the time of its arrival and importation into the United States, bona fide, a part of a particular vessel,* in this case the *Axel Johnson.* [Emphasis added.]

After reviewing the cases cited by the parties hereto and the numerous decisions referred to therein, we are constrained to hold that the protest herein cannot be sustained in the light of the facts before us.

It is settled law, as stated by the Supreme Court of the United States in the case of *The Conqueror,* 166 U. S. 110, that—

Vessels certainly have not been treated as dutiable articles, but rather as the vehicles of such articles, and though foreign built and foreign owned, are never charged with duties when entering our ports, though every article upon them, that is not a part of the vessel or of its equipment or provisions, is subject to duty, unless expressly exempted by law.

In accordance with the doctrine of *The Conqueror* case, the original spare propeller and tailshaft for the M. V. *Maruba* were nondutiable items when they arrived in the United States aboard the vessel for which they were manufactured. However, the articles in controversy did not enter the United States aboard the vessel for which they were especially manufactured but were imported as articles of commerce in the ordinary course of trade.

While the facts here present are not on all fours with any of the cases referred to by the parties or in any other case which has come to the attention of the court, we are of the opinion that the rationale of the *Page & Jones* case, *supra,* applies with equal, if not greater, force to the case before us. As stated *supra,* in the *Page & Jones* case, a steam turbine taken from the steamship *San Fernando* at· Mobile was sent to England to be repaired. Upon its return to this country, it was held dutiable on the ground that it was an importation of a separate dutiable entity. In the *Canadian National Steamship Co., Ltd.,* case, the appellate court commenting on the *Page & Jones* case stated that: "The repaired, completed engine, shipped from England, never was a part of the vessel until it became such in Mobile."

The propeller and tailshaft, the subject of this controversy, never had a prior existence aboard the vessel of which they ultimately were to become parts, as did the propeller and shaft in the *Canadian National Steamship Co., Ltd.*, case. While the M. V. *Maruba* was undergoing repairs at Wilmington, N. C., an order was placed for a replacement of these spare parts for future use. Upon their entry into the United States, they constituted an importation of separate dutiable entities and were correctly so considered by the collector of customs at the port of entry.

However much of a borderline case this may be considered to be, or how unfortunate may be the results upon the plaintiff herein, we have no alternative but to hold, in the light of the authorities reviewed and considered, that the propeller and tailshaft in issue, which concededly were constructed according to the original plans and specifications of the M. V. *Maruba* and suitable for use on that vessel only, but not at the time of arrival in the United States constituting "part of the vessel or of its equipment or provisions" must, therefore, be considered to constitute an importation of separate dutiable entities. As such, they are properly dutiable at the rate of 22½ per centum ad valorem as articles or wares not specially provided for, composed wholly or in chief value of base metal, as provided in paragraph 397, as modified, *supra*.

For the reasons stated herein, all claims in the protest of plaintiff are overruled and the decision of the collector is affirmed.

Judgment will be entered accordingly.